Zhang v. Holder

BIA
Hom, IJ
A089 913 177

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand thirteen.

PRESENT:
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
DENNY CHIN,
            *Circuit Judges*.

_____

QIANG ZHANG,
            *Petitioner*,

            v.                                    12-1095
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent*.

_____

FOR PETITIONER:        Charles Christophe, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Allen W. Hausman,
                       Senior Litigation Counsel; Christina
                       Bechak Parascandola, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qiang Zhang, a native and citizen of the People's Republic of China, seeks review of a February 27, 2012, decision of the BIA affirming the February 4, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qiang Zhang*, No. A089 913 177 (B.I.A. Feb. 27, 2012), *aff'g* No. A089 913 177 (Immig. Ct. N.Y. City Feb. 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, such as Zhang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the

2

totality of the circumstances, base a credibility finding on any inconsistencies in the applicant's statements, without regard to whether the inconsistencies go "to the heart of the applicant's claim."  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  Zhang challenges only the agency's denial of relief based on its adverse credibility determination, and does not contest the agency's finding that he failed to corroborate his claims.

Zhang claimed that he was arrested, detained, beaten and ultimately hospitalized, because of his participation in an underground house church in China.  Contrary to Zhang's contention, the agency reasonably found that his testimony was incredible, in part, because he testified that he was unable to leave the hospital from December 29, 2007, until January 22, 2008, but later testified that the doctors "allow[ed him] to be discharged" on January 10, 2008.  *Xiu Xia Lin*, 534 F. at 167.  Zhang's explanation for this discrepancy – his brief outing may not have been noticed by the rest of the hospital staff – is insufficient, even if plausible, to compel the conclusion that his testimony was credible, given that his testimony was also inconsistent

3

with his asylum application, which omitted reference to a discharge, as well as a hospital record he submitted which indicated only that he was discharged on January 22, 2008. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that a petitioner "must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original) (internal quotation marks and citations omitted)). Similarly, Zhang's contention that there are plausible explanations for the inconsistent testimony of his only witness does not compel reversal. *Id.*

As the only evidence of a threat to Zhang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk